IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>Tommy R. HABIBE-ARIAS,<br>Defendant. | INDICTMENT<br><br>CRIMINAL NO. 17-202 (DRD)<br><br>VIOLATIONS:<br>Title 18, United States Code, §1014<br><br>FORFEITURE:<br>Title 18, United States Code § 982 (a) (7)<br><br>(One Count and Forfeiture Allegation) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

At all times material to this indictment:

1. A "Mortgage" is a legal instrument which describes and establishes encumbrances on real property to secure the payment of a debt.

2. A "Mortgage Loan" can be generally described as a loan evidenced by a deed that creates a lien over real property wherein the conditions and form of payment are established.

3. A "Mortgage Lending Institution" is generally defined to include an institution whose principal business is to originate, finance, close, sell, and/or service real property mortgage loans.

4. A "Closing" or "Settlement" in a real property transaction is generally defined as the final transaction between the buyer and seller, whereby the conveyancing documents are concluded and the money and property transferred.

5. The Federal Housing Administration ("FHA") was an Office of the United States Department of Housing and Urban Development ("HUD"), a United States Government agency, which provided mortgage insurance to approved commercial lending institutions to enable low

and moderate income home buyers to obtain mortgage loans to purchase homes. By offering FHA-insured loans, HUD assisted potential home buyers in obtaining mortgages at more favorable terms than those otherwise commercially available.

6. A Home Equity Conversion Mortgage ("HECM") was a FHA reverse mortgage program that enabled elderly people to withdraw some of their home's equity in order to give them greater financial security and allow them to afford to stay in their home. To be eligible to receive a HECM, homeowners were required to, among other requirements: (1) be 62 years of age or older; (2) own the property outright or have paid down a considerable amount; and (3) occupy the property as a principal residence.

7. Master Mortgage Corporation was a mortgage lending institution located in Bayamón, Puerto Rico, and within the District of Puerto Rico, authorized by HUD to originate and approve FHA-insured mortgage loans, including HECM loans, under the Direct Endorsement Authority Program. As part of the mortgage loan approval process, Master Mortgage Corporation required borrowers to review and sign a number of forms which contained information eventually submitted to HUD to corroborate the determination of loan eligibility to be insured by FHA.

### THE DEFENDANT

8. Defendant **Tommy R. HABIBE-ARIAS** was the registered owner of a single-family home located at Gardenville, B-8 Brazil Street, Guaynabo, Puerto Rico (herein referred to as "THE PROPERTY").

9. On or about September 21, 2009, **Tommy R. HABIBE-ARIAS** signed and submitted to MASTER MORTAGE CORPORATION a Uniform Residential Loan Application (Fannie Mae Form 1003) to obtain a HECM loan (Lender Case Number 05-2457, FHA Case Number 501-7779746-952), and in this form stated that THE PROPERTY would be his primary residence.

10. On or about October 27, 2009, **Tommy R. HABIBE-ARIAS** signed and submitted to Master Mortgage Corporation a form entitled "NOTIFICATIONS and DISCLOSURES" certifying that at the time he was occupying THE PROPERTY.

11. On or about November 18, 2009, **Tommy R. HABIBE-ARIAS** signed and submitted to MASTER MORTGAGE CORPORATION a Residential Loan Application for Reverse Mortgages (Fannie Mae Form 1009) to obtain a HECM loan (Lender Case Number 05-2457, FHA Case Number 501-7952069-952/952) in which he stated that he intended to occupy THE PROPERTY as his primary residence.

12. On or about November 18, 2009, defendant **Tommy R. HABIBE-ARIAS** signed a form entitled "SETTLEMENT STATEMENT" and received from Master Mortgage Corporation the proceeds of the said HECM loan in the form of a check in the amount of $203,605.55.

13. At no time since September 2009, or at any other time, did defendant **Tommy R. HABIBE-ARIAS** occupy THE PROPERTY as his "Primary Residence."

COUNT ONE
False Statements in Loan Applications
(Title 18, <u>United States Code</u>, Section 1014)

1. Paragraphs 1 through 13 of the General Allegations of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or about September 2009 until in or about November 2009, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**Tommy R. HABIBE-ARIAS,**

the defendant herein, knowingly made or caused to be made, material false statements to **MASTER MORTGAGE CORPORATION** for the purpose of influencing in any way the action of the FHA, in connection with a loan application to obtain an FHA-insured mortgage

loan, specifically a HECM loan identified as loan number 05-2457 (FHA Case Number 501-7952069-952/952-255) in which he received the amount of $203,605.55 for THE PROPERTY.

All in violation of Title 18, United States Code, Section 1014

### (FORFEITURE ALLEGATION)
### Title 18, United States Code, Section 982

1. The allegations contained herein in Count ONE (1) of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1)

2  Pursuant to Title 18, United States Code, Section 982(a)(1), should the defendant **Tommy R. HABIBE-ARIAS,** be convicted of one or more of the offenses set forth in Count ONE (1) of this Indictment, the defendant shall forfeit to the United States of America pursuant to Title 18 United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: A money judgment of $203,605.55 in U.S. Currency.

3. If any of the property described above, as a result of any act or omission of the defendants:
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, <u>United States Code</u>, Section 982(a)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

TRUE BILL

FOREPERSON

Date: 3/29/17

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
Jose Capo Iriarte
Assistant U.S. Attorney
Chief, Criminal Division

_____
Scott Anderson
Assistant U.S. Attorney